IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-CR-129-JFH-1 |
| ZADOT ASBIEL MORALES-GONZALEZ, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court is an Opposed Motion to Dismiss Count One of the Superseding Indictment ("Motion") filed by Defendant Zadot Asbiel Morales-Gonzalez ("Defendant"). Dkt. No. 73. The Government filed a response in opposition to Defendant's Motion. Dkt. No. 74. For the following reasons, Defendant's Motion [Dkt. No. 73] is DENIED.

**BACKGROUND**

In 2003 or 2004, Defendant legally entered the United States on a visa. Dkt. No. 73 at 2. However, when the visa expired, Defendant remained illegally in the United States. *Id*. In 2013, Defendant was deported. *Id*. Sometime thereafter, Defendant reentered the United States.

On March 3, 2023, Defendant was charged with three counts of lewd molestation in state court. Dkt. No. 73 at 3. Following his arrest in the state court case, it was determined that Defendant was in the United States illegally, and a criminal complaint was filed in the instant case. *Id*. On April 4, 2023, Defendant was charged by indictment with Unlawful Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326. Dkt. No. 18.

While executing a search warrant on his residence in relation to the state court matter, law enforcement allegedly discovered a firearm, ammunition, and a fraudulent permanent resident alien card. Dkt. No. 73; Dkt. No. 27. On April 18, 2023, a superseding indictment was filed,

charging Defendant with two additional counts: Alien Unlawfully in the United States in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(5)A) and 924(a)(8), and Fraud and Misuse of Visas, Permits, and Other Documents, in violation of 18 U.S.C. § 1546(a). Dkt. No. 27.[1]  This case is set on the Court's November 6, 2023 jury trial docket.  Dkt. No. 69.

## ANALYSIS

Defendant moves for the dismissal of Count One of the superseding indictment, which charges Defendant with Alien Unlawfully in the United States in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(8).  Dkt. No. 73 at 1.  Defendant argues that the alien in possession statute, 18 U.S.C. § 922(g)(5)(A), violates the Second Amendment in the wake of the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  *Id*. at 4.  Specifically, Defendant argues that § 922(g)(5)(A) is unconstitutional on its face and as applied because unlawful aliens are included within the "people" protected by the Second Amendment following the framework established in *Bruen*.  *Id*. at 3-23.

In 2022, *Bruen* examined the Second Amendment's constitutional protection of the right to keep and bear arms.  142 S. Ct. 2111.  *Bruen* did not concern a criminal statute.  Rather, it involved a challenge to federal firearms licensing regime, which required an individual applying for a license to carry a handgun outside his or her home to demonstrate "proper cause," or a "special need for self-protection distinguishable from that of the general community."  *Id.* at 2123.  The *Bruen* decision included a nuanced discussion of Second Amendment caselaw and announced a new two-prong test for evaluating the constitutionality of firearms regulation.  *Id*. at 2126.  Under

---

[1] The superseding indictment also added co-defendant Denice Bolanos-Celaya.  Dkt. No. 27. However, the superseding indictment has since been dismissed as to Ms. Bolanos-Celaya.  Dkt. No. 68.

the first prong, the Court must determine whether the plain text of the Second Amendment covers the conduct at issue. *Id*. at 2129, 2134–35. If so, the second prong requires the Government to establish that the regulation is consistent with the historical tradition of firearms regulation in the United States. *Bruen*, S. Ct. 2111, 2129–30.

Shortly after briefing closed in this matter, the Tenth Circuit issued its first opinion addressing *Bruen*. *Vincent v. Garland*, __ F.4th __, 2023 WL 5988299 (10th Cir. Sept. 15, 2023). In *Vincent*, the Tenth Circuit considered whether *Bruen* overruled its precedential decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), wherein the Tenth Circuit upheld the constitutionality of 18 U.S.C. § 922(g)(1), prohibiting the possession of firearms by previously convicted felons. *Id*. at *1. The Tenth Circuit held that because *Bruen* did not "indisputably and pellucidly abrogate[]" its ruling in *McCane*, it was obligated to apply its prior precedent. *Id*. at *2.

Like the felon in possession statute, the Tenth Circuit has upheld the constitutionality of the alien in possession statute. *United States v. Huitron-Guizar*, 678 F.3d 1164, 1167-1170 (10th Cir. 2012) (upholding the constitutionality of 18 U.S.C. § 922(g)(5)(A)). Like *McCane*, *Huitron-Guizar* is not expressly overruled by *Bruen*. Therefore, the Court is bound to apply *Huitron-Guizar* and find that § 922(g)(5)(A) is not facially unconstitutional. *See United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit.").

Further, *Huitron-Guizar* explained that while "[n]othing in the opinion purports to express an opinion on the Second Amendment rights of *lawfully present* aliens," § 922(g)(5)(A) "applies with equal force" to *unlawfully present* aliens regardless of individual circumstances. *Huitron-Guizar*, 678 F.3d at 1170 (emphasis added) (holding that § 922(g)(5)(A) applied equally to those unlawfully present aliens who entered the United States yesterday and those who, like the defendant, were carried across the border as a toddler). Pursuant to the holdings in *Huitron-Guizar*

and *Vincent*, § 922(g)(5)(A) is not unconstitutional as applied to any unlawfully present alien. Therefore, § 922(g)(5)(A) is not unconstitutional as applied to Defendant here and Defendant's Motion must be denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion [Dkt. No. 73] is DENIED.

Dated this 10th day of October 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE